NO. 07-00-0385-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2000



______________________________




ALEX PLASENCIO, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13641-0002; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Alex Plasencio, Jr. was convicted by a jury of
driving while intoxicated, third offense, and punishment was assessed by the trial court at
25 years confinement. A notice of appeal was filed on July 31, 2000, designating
appellant as acting pro se, but signed by attorney Jesse Mendez. Then, on August 17,
2000, Mr. Mendez filed, and the trial court granted his motion to withdraw from appellant's
case. On September 22, 2000, this Court received a letter from appellant making his
intention clear that at no time did he express that he wanted to proceed pro se in this
appeal. He was under the impression that attorney David Martinez would be substituted
as his counsel back in July. However, he has not received any communication or
confirmation that he is represented by counsel. Attached to appellant's letter is a copy of
a letter he sent to the Honorable Ed Self requesting that counsel be appointed for him to
pursue this appeal. In the interest of justice, we now abate this appeal and remand the
cause to the trial court for further proceedings.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute his appeal, and if so

2. whether appellant is indigent and entitled to appointed counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of counsel. If counsel is appointed, the
name, address, telephone number, and state bar number of said counsel shall be included
in the order appointing counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Monday, November 13,
2000.

 It is so ordered.


 Per Curiam




Do not publish.